FILED
 2009 May-20 PM 01:42
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DAVID R. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 08-G-0941-NE |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

**MEMORANDUM OPINION**

The plaintiff, David R. Brown, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Social Security benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

**STANDARD OF REVIEW**

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239..

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f). The Commissioner must determine in sequence:

(1)   whether the claimant is currently employed;

(2)   whether he has a severe impairment;

(3)   whether his impairment meets or equals one listed by the Secretary;

(4)   whether the claimant can perform his past work; and

2

>   (5)   whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case,  ALJ Randall C. Stout determined the plaintiff met the first two tests, but concluded that while he has an impairment or impairments considered "severe," he did not suffer from a listed impairment.  The ALJ found the plaintiff unable to perform his past relevant work.  Once it is determined that the plaintiff cannot return to his prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." Foote, at 1559.  Furthermore, when, as is the case here, a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical-Vocational Guidelines (the grids). Foote, at 1558-59. The presence of a non-exertional impairment, pain, also prevents exclusive reliance on the grids. Foote, at 1559.  In such cases "the [Commissioner] must seek expert vocational testimony." Foote, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES HE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, neither requires objective proof of the pain itself. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the Hand standard a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and

satisfies the three part pain standard, he must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE STANDARD FOR REJECTING
## THE TESTIMONY OF A TREATING PHYSICIAN

As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a

treating physician's opinion and any reason for giving it no weight ...." McGregor, 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## WHEN ADDITIONAL EVIDENCE IS SUBMITTED TO THE APPEALS COUNCIL

Claimants are permitted to submit new evidence at each step of the review process, 20 C.F.R. § 404.900(b)("In each step of the review process, you may present any information you feel is helpful to your case. [W]e will consider at each step of the review process any information you present as well as all the information in our records."). The Appeals Council is required to consider the entire record, "including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

To be material the proffered evidence must be "relevant and probative so that there is a reasonable possibility that it would change the

administrative result." Caulder, at 877. A review of the evidence submitted to the Appeals Council demonstrates that it meets all of the requirements of the regulations for consideration by the Appeals Council. Because the Appeals Council actually considered the evidence, the court will only review whether the Appeals Council committed reversible error in refusing to review the plaintiff's case in light of that evidence. The Regulations require the Appeals council to "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record." 20 C.F.R. § 404.970(b).

Moreover, a "district court must consider evidence not submitted to the administrative law judge but considered by the Appeals Council when the court reviews the Commissioner's final decision denying Social Security benefits." Ingram v. Astrue, 496 F.3d 1253, 1258 (11th Cir. 2007). "[W]hen a claimant properly presents new evidence to the Appeals Council, a reviewing court must consider whether that new evidence renders the denial of benefits erroneous." Ingram at 1262.

> In Bowen v. Heckler, the claimant filed evidence in the Appeals Council, which considered the evidence but denied review. 748 F.2d 629 (11th Cir. 1984). We held that "the Appeals Council did not adequately evaluate the additional evidence" and, citing earlier precedents, reasoned that "[w]e have previously been unable to hold that the Secretary's findings were supported by substantial evidence under circumstances such as these." Id. at 634. . . . After quoting sentence four of section 405(g) in full and discussing it at length, we concluded that a reversal of the final decision of the Commissioner was appropriate. We held that "the Appeals Council should

have awarded Bowen disability insurance benefits," and we remanded to the district court "for entry of an order . . . that such an award be made." Id. at 637.

Ingram at 1263.

## DISCUSSION

In his decision, the ALJ found that the plaintiff "has the following severe impairments: lumbar and cervical spondylosis, and degenerative disk disease at the level of L5-S1 . . .," and "that these impairments, when considered both singly and in combination, result in more than minimal limitations on his ability to engage in work related activities and, therefore, constitute 'severe' impairments within the meaning of the regulations." [R. 22]. The plaintiff testified that he suffers from pain in his lower back and hips, down his legs and to the bottom of his feet. [R. 211]. He testified that his pain averaged an eight on a scale of one to 10, and that his pain interferes with his daily activities and sleep. [R. 212-215]. He takes Lortab and Flexeril daily, and these medications leave him dizzy and drowsy. [R. 213].

In July 2003, John J. Greco, M.D., diagnosed low back pain with radiculopathy, and discussed treatment options with the plaintiff. [R. 106-107]. On September 21, 2004, the plaintiff received a lumbar epidural steroid injection for this diagnosed lumbar herniated nucleus pulposus and leg radicular pain. [R. 105]. On October 14, 2004, the plaintiff underwent a epidural steroid injection in the cervical spine for his diagnosed cervical degenerative disc disease. [R. 102].

In his opinion, ALJ Stout stated that "[t]he record was left open for 30 days after the hearing for the claimant's representative to submit records pertaining to the December 2005 and August 2006 surgeries; however, no further evidence was submitted."[1] [R. 24]. On August 10, 2006, Robert L. Hash, II, M.D., the plaintiff's treating neurosurgeon, stated: "In my opinion, David Brown will be unable to work for at least thirteen months." [R. 125]. The ALJ gave Dr. Hash's opinion "very little evidentiary weight. This is merely a conclusory statement regarding disability, and does not state any specific limitations the claimant may or may not have, nor does it state any diagnoses or treatment the claimant may or may not have had." [R. 25]. Moreover, in applying the Eleventh Circuit's pain standard, the ALJ found that the plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [R. 24]. This conclusion is not supported by substantial evidence.

The ALJ gave no specific reasons for finding the plaintiff not credible. Much of his opinion is a recitation of the plaintiff's treatment by orthopedic surgeons before his surgeries. [R. 24-26]. To the extent this discussion somehow questions the plaintiff's credibility, it is improper. An ALJ is not free to

---

[1] The plaintiff testified that he underwent two back surgeries – one in December 2005 and another in August 2006. [R. 205-206]. As discussed below, the records regarding these surgeries were submitted to the Appeals Council.

base his decision on such unstated reasons or hunches. Judge Johnson eloquently stated the proper role of an ALJ in his concurring opinion in Marbury v. Sullivan, as follows:

> An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of claimant's treating physicians: "Absent a good showing of cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988). . . . An ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him in his private or personal capacity; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.

957 F.2d 837, 840-41 (11th Cir. 1992)(emphasis in original

  Moreover, the medical evidence also shows a "longitudinal history of complaints and attempts at relief" that support the plaintiff's pain allegations. See SSR 96-7P 1996 WL 374186 at *7 ("In general, a longitudinal medical record demonstrating an individual's attempts to seek medical treatment for pain or other symptoms and to follow that treatment once it is prescribed lends support to an individual's allegations of intense or persistent pain or other symptoms for the purposes of judging the credibility of the individual's statements."). The plaintiff consistently complained of pain, and his treating physicians prescribed narcotic pain relief and performed two back surgeries in addition to epidural steroid injections. As Judge Allgood observed in Lamb v. Bowen: "[T]he record is replete with evidence of a medical condition that could reasonably be expected to produce the alleged pain. No examining physician ever questioned the existence of

appellant's pain. They simply found themselves unable to cure the pain." 847 F.2d 698 (11th Cir. 1988). As the ALJ's reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, his testimony must be accepted as true and the plaintiff is disabled.

Although reversal of this case is warranted, remand would also be proper because of the existence of new and material evidence. The plaintiff submitted additional treatment notes from Dr. Hash to the Appeals Council. Plaintiff's attorney has requested in the alternative that this action be remanded for proper consideration of that evidence.

Claimants are permitted to submit new evidence at each step of the review process, 20 C.F.R. § 404.900(b) ("In each step of the review process, you may present any information you feel is helpful to your case. [W]e will consider at each step of the review process any information you present as well as all the information in our records."). The Appeals Council is required to consider the entire record, "including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision." 20 C.F.R. § 404.970(b); Keeton v. Department of Health and Human Services, 21 F.3d 1064, 1066 (11th Cir. 1994).

To be material the proffered evidence must be "relevant and probative so that there is a reasonable possibility that it would change the administrative result." Caulder, at 877. A review of the evidence submitted to the

Appeals Council demonstrates that it meets all of the requirements of the regulations for consideration by the Appeals Council.  Because the Appeals Council actually considered the evidence, [R. 9] the court will only review whether the Appeals Council committed reversible error in refusing to review the plaintiff's case in light of that evidence.  The Regulations require the Appeals council to "review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record."  20 C.F.R. § 404.970(b).

The report of Dr. Hash, which the ALJ did not have the benefit of reviewing, indicated that physical examination of the plaintiff revealed a "positive straight leg raise on the left."  [R. 173].  Lumbar spine x-rays revealed mild scattered degenerative changes.  [Id.].  An MRI of the lumbar spine showed degenerative disc disease at L5-S1 and some fact hypertrophy at L3-4.  [Id.].  On December 15, 2005, the plaintiff underwent a total laminectomy, facetectomy, and discectomy of the left L5-S1, and lumbar fusion.  [R. 148-149].  Postoperative diagnosis by Dr. Hash was "extruded disk with severe degenerative disc disease L5-S1."  [R. 148].  On August 15, 2006, the plaintiff underwent a second surgery in which a laminectomy and foraminotomy at the left L5-S1 was performed.  [R. 140-141].  Contemporaneous with this second surgery is Dr. Hash's opinion that the plaintiff "will be unable to work for at least 13 months."  [R. 125].  If credited,

the opinion of Dr. Hash[2] would mean the plaintiff was disabled because of pain and an inability to perform full time work. Therefore, the Appeals Council committed reversible error in failing to either review the plaintiff's case or to remand it for further proceedings.

> At the hearing, the ALJ asked the vocational expert the following:
>
> Q. For a third hypothetical assume that the claimant is experiencing pain, discomfort and other symptoms resulting from surgical procedures performed on his spine and as a result he's experiencing a moderately severe impairment in the ability persist, concentrate and any pace [sic]. Would that affect these sedentary and light jobs that you've previously stated and would that have an effect on the wide world of unskilled work?
>
> A. And you said greater than moderate?
>
> Q. Yes.
>
> A. Yes.
>
> Q. Greater than moderate.
>
> A. Yes, Your Honor. <u>It would preclude these jobs and all other jobs.</u>
>
> Q. Okay. If the claimant also had to miss more than two days of work on a monthly basis as a result of pain, discomfort and other symptomology would that affect the wide world of unskilled work?
>
> A. Yes, Your Honor. <u>It would preclude from</u> [sic] <u>all work activity.</u>

[R. 231-232](emphasis added)

---

[2] Because Dr. Hash is a specialist in the field of neurosurgery, his opinion is entitled to more weight in this area. "We generally give more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a medical specialist." 20 C.F.R. § 404.1527(d)5)

## CONCLUSION

The Commissioner failed to carry his burden at step five of showing the plaintiff could perform other work.  Accordingly, the plaintiff is disabled within the meaning of the Social Security Act.  An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 20 May 2009.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.